## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ASHRAF KHALIL (#729221)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                              **21-466-BAJ-SDJ**

**DUSTIN BICKHAM, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ASHRAF KHALIL (#729221)**                           **CIVIL ACTION NO.**

**VERSUS**                                                         **21-466-BAJ-SDJ**

**DEPT. OF CORRECTIONS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was transferred to this Court on or about August 13, 2021, from the Western District of Louisiana.[1]  For the following reasons, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A because administrative remedies were not exhausted prior to filing suit as required by 42 U.S.C. § 1997(e)(a).

> **I.       Background**

Plaintiff Ashraf Khalil instituted this action against Defendants Dustin Bickham and Patricia Williams, alleging that these Defendants violated his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act.[2]  Khalil seeks monetary and injunctive relief.[3]

> **II.      Law & Analysis**

> **a.  Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 9.
[2] R. Doc. 5.
[3] R. Doc. 5, p. 4.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]   The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]   Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11]   A claim is also

---

[4] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.   Khalil was granted permission to proceed *in forma pauperis* on July 23, 2021 (R. Doc. 7), so both statutes apply.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[11] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### b.  The Claims are Unexhausted on the Face of the Complaint

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[13]  The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[14]  When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted[15]  Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[16]  However, the United States Court of Appeals for the Fifth Circuit permits a district court to *sua sponte* dismiss a case for failure to state a claim for failure to exhaust "if the complaint itself makes clear that the prisoner failed to exhaust."[17]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure process to exhaust administrative remedies before filing suit in federal court.  The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden.  An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the enumerated reasons.  A request rejected during the screening process cannot be appealed

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] 42 U.S.C. § 1997(e)(a).
[14] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[15] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).
[16] *Jones*, 549 U.S. at 216.
[17] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014), citing *Jones*, 549 U.S. 214-15.

to the second step.  If a request is accepted at the screening level, the warden must respond on a first-step response form within forty days of receipt of the request (five days for Prison Rape Elimination Act claims).  An inmate dissatisfied with the first-step response, may proceed to the second step of the ARP process by appealing to the Secretary of DOC.  The DOC Secretary must issue a response within forty-five days from the date the request is received using a second-step response form.  An inmate dissatisfied with the second-step response may file suit.  Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of Khalil's Complaint that his claims are unexhausted.  Khalil states specifically that his grievance is "backlogged and under review, with an option to withdraw."[18] Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court, which was not accomplished. The fact that Khalil's ARP was backlogged does not change this analysis; the backlogging of grievances does not excuse a failure to exhaust.[19]  Further, though Khalil may have exhausted his administrative remedies while this suit was pending, that is insufficient for exhaustion, as the Fifth Circuit has made clear that administrative remedies must be exhausted *prior* to filing suit rather than while the action is pending, and exhausting administrative remedies while suit is pending does not cure the failure to exhaust *prior* to filing suit.[20]  As Khalil admits his ARP was still

---

[18] R. Doc. 5, p. 2.

[19] *Ewing v. Peabody*, No. 16-52, 2017 WL 9511029, at *4 (S.D. Miss. April 6, 2017).  Additionally, backlogging of ARPs is decidedly constitutional, so the fact that the ARP was backlogged is of no assistance to Khalil.  *See Grayer v. Vannoy*, No. 18-795, 2019 WL 4131100, at *3, n. 30 (M.D. La. June 7, 2019) (citing *Oestriecher v. Wallace*, 2007 WL 4233690, at *3, n. 7 (E.D. La. Nov. 27, 2007) (noting that "the utilization of a backlog system for multiple grievances is constitutionally permissible) and *Moran v. Jindal*, 450 Fed.Appx. 353, 354 (5th Cir. 2011); *Thomas v. Prator*, 172 Fed.Appx. 602, 603 (5th Cir. 2012)).

[20] *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("It is irrelevant whether exhaustion is achieved during the federal proceeding.").

pending when he filed suit, his claims are unexhausted on the face of the Complaint and thus, subject to dismissal, without prejudice, for failure to state a claim.[21]

**<u>RECOMMENDATION</u>**

**IT IS RECOMMENDED** that Ashraf Khalil's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e and 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 21, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Though Khalil states in his original complaint that he "attempted to exhaust any and all grievance procedures available at the institution and state level, it appears Khalil is mistaken as to what is required to exhaust. R. Doc. 1, p. 8. In addition to this federal action, Khalil filed a state action, but filing a claim in a state court does not serve to exhaust administrative remedies for a § 1983 claim. The sole procedure for exhausting those remedies is outlined above. Once Khalil completes the administrative grievance process, he may then institute an action in this Court pursuant to § 1983 without first proceeding to the state court.