## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

ASHRAF KHALIL,

               *Plaintiff,*

    v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
& CORRECTIONS, DUSTIN BICKHAM, and
PATRICIA WILLIAMS,

               *Defendants.*

Civil Action No. 21-466-BAJ-SDJ

Hon. District Judge Brian A. Jackson

Hon. Magistrate Judge Scott D. Johnson

## PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S *PRO SE* COMPLAINT

Plaintiff Ashraf Khalil, previously *pro se* but now represented by counsel, respectfully submits consolidated opposition to (1) the motion to dismiss by Defendants the Louisiana Department of Public Safety & Corrections ("DOC") and Dustin Bickham in his official capacity, for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) (ECF No. 37), and (2) Defendant Bickham's motion to dismiss, in his individual capacity, for lack of personal jurisdiction and insufficient service of process under Rules 12(b)(2) and 12(b)(5) (ECF No. 36). Plaintiff respectfully requests that the Court deny both motions. Plaintiff asks the Court to deny these motions because (1) Plaintiff's counsel is working to effectuate the service that Defendants' motions specify and (2) Defendants arguably waived their service-related objections ahead of the filing of their motions.

## BACKGROUND

### A.    Factual and Procedural Background

In 2021, Plaintiff Ashraf Khalil, formerly imprisoned at Dixon Correctional Center in Jackson, Louisiana, filed this civil rights lawsuit against Warden Dustin Bickham, Chaplain Patricia Williams, and the Louisiana DOC.  Mr. Khalil is a practicing Muslim who wears a beard as an expression of his Islamic faith. *See* ECF No. 5-1 ("Compl.") ¶¶ 6, 10. While Mr. Khalil was incarcerated, correctional officers forced him to shave his beard despite his religious convictions. *Id.* ¶ 8. Mr. Khalil also faced discipline for his objections to shaving his beard, including placement in disciplinary segregation, denial of hygienic supplies, and verbal abuse by the correctional officers. *See id.* ¶ 7; *see also* ECF No. 12 (Written Objs. to Comm'r's R. & R.) ¶ 3; *id.*, Ex. A. Meanwhile, the DOC allowed other inmates of different religious denominations, such as Rastafarians, to wear beards without any discipline. Compl. ¶ 11.

In December 2022, this Court dismissed Mr. Khalil's complaint. *See* ECF No. 15, at 1. In July 2023, the U.S. Court of Appeals for the Fifth Circuit vacated that dismissal and remanded the case for further proceedings. ECF No. 20, at 2. This Court later concluded that the Defendants should file an answer to Mr. Khalil's complaint because he "has a reasonable opportunity to prevail on the merits," and the Court ordered Mr. Khalil to effectuate service. *See* ECF No. 22. Mr. Khalil also obtained counsel, who notified the Court of their intent to serve process on Defendants. *See* ECF No. 30.

### B.    Plaintiff Attempts Service, and the Parties Jointly Move to Amend the Case Schedule.

On November 7, 2024, Plaintiff's process server delivered the *pro se* complaint and summonses for Defendants DOC and Bickham, leaving them with a paralegal at the DOC. *See* ECF No. 35 (Proof of Service on Louisiana DOC and Warden Bickham) (Ex. 1 of Jt. Mot. to Am.

Scheduling Order, ECF No. 34). Plaintiff's process server also attempted service on Defendant Williams, whom Mr. Khalil's counsel understood—through DOC sources—now worked for the Louisiana Division of Juvenile Justice. *See* ECF No. 35-1 (Proof of Service on Patricia Williams) (Ex. 2 of Jt. Mot. to Am. Scheduling Order, ECF No. 34). Mr. Khalil's counsel attempted to contact the Louisiana Division of Juvenile Justice to further inquire about service but was unable to reach a representative.

Since originally arranging for service, Mr. Khalil's counsel have repeatedly communicated with Defendants' counsel about service, scheduling, and related matters. On December 11, 2024, Plaintiff's counsel e-mailed Defendants' counsel to ascertain whether service on Defendant Williams had been completed and to discuss the case schedule. *See* Ex. A at 10–11 (Emails between the parties' counsel, spanning April 22, 2025, to December 11, 2024, attached hereto). On January 7, 2025, the parties conferred telephonically, and, in that conversation, Defendants' counsel stated that he would investigate the service issue and determine the status of service on Defendant Williams. When the parties again conferred on February 6, 2025, via e-mail about the amended case schedule, Defendants' counsel committed, again, to look into service issues regarding Defendant Williams, *id*. at 4; at that point, undersigned counsel had been regularly emailing Defendants' counsel, seeking engagement on the issue of service on Defendant Williams, for nearly a two-month span. *Id*. at 4–12.

On March 5, 2025, undersigned counsel emailed opposing counsel an updated draft of a proposed, stipulated case schedule, to account for the month that had passed since the parties' counsel had last conferred. *Id*. at 2. On the same day, Defendants' counsel agreed to the proposed case schedule and finally provided a response on the status of serving Defendant Williams, *id*. at 1, after nearly three months of follow-up from Plaintiff's counsel on the issue, *id*. at 1–12.

Defendant's counsel communicated that Defendant Williams had not been served and that he did not have "any information beyond that regarding service." *Id*. at 1. Time and again, Plaintiff's counsel attempted to contact Defendants' counsel to ensure that proper service had been effectuated upon Defendant Williams, and, over the duration of the communications between the parties' counsel, Defendants' counsel never objected to the service that had been effectuated on the DOC or Defendant Bickham. *See generally* Ex. A; Ex. B (Emails from Plaintiff's counsel to Defendants' counsel, spanning May 20, 2025, through May 14, 2025, attached hereto).

On April 29, 2025, after further negotiations, the parties filed their Joint Motion to Amend the Scheduling Order ("Joint Motion"), ECF No. 34, explaining that the only Defendant on whom service had not been effectuated was Defendant Williams. The Joint Motion states that Defendants' counsel will enter his appearance "for only properly served Defendants" by May 2, 2025, and it expressly acknowledges that "**service of the summons and Plaintiff's *pro se* Complaint has been made on Defendant Department of Corrections ('DOC') and Defendant Bickham**." *See* ECF No. 34 at ¶¶ 3, 6 (emphases added). The Joint Motion also represents that service on Defendant Williams had been attempted, and the parties stated that they anticipated a resolution concerning service on Defendant Williams. *Id.* at ¶ 10. The parties thus jointly requested that the Court enter the proposed schedule "in the interest of moving the litigation forward," while Plaintiff effectuated service on Defendant Williams—the only remaining unserved Defendant. *Id.* Notwithstanding defense counsel's service-related representations in the Joint Motion, Defendants filed on May 2, 2025, two service-related motions to dismiss: one regarding the DOC and Dustin Bickham in his official capacity and the other by Bickham in his individual capacity. ECF Nos. 36–37.

On May 14, 2025, undersigned counsel e-mailed Defendants' counsel to address the service issues that Defendants had raised for the first time in their dismissal motions. *See* Ex. B at 1–2. In the email, undersigned counsel updated Defense counsel on Plaintiff's ongoing efforts to complete service on the two Louisiana entities: the Office of Risk Management ("ORM") and the Office of the Attorney General. *Id*. Undersigned counsel also proposed alternatives concerning service on Defendants Bickham and Williams in their individual capacities. In deference to the privacy considerations implicated by personally serving current and former correctional officials, undersigned counsel hoped to avoid hiring private investigators to locate and serve those Defendants. *Id*. Undersigned counsel thus asked Defendants' counsel to (i) waive service pursuant to Fed. R. Civ. P. 4(d); (ii) accept service on Defendants' behalf; or (iii) provide  addresses where individual service can be effected. *Id*. Defendants' counsel did not respond.

On May 15, 2025, undersigned counsel called Defendant's counsel and sent a follow-up e-mail but did not receive a response. *Id*. at 1. On May 16, 2025, undersigned counsel again called and texted Defendants' counsel to follow up on Plaintiff's inquiries regarding service. *See* Ex. C (Text-message exchanges between the parties' counsel on May 16, 2025, and May 20, 2025, attached hereto). Again, Defendants' counsel did not respond, except to send a text message noting that he was in court when the call was attempted. *Id*. On May 19, 2025, Plaintiff's counsel sent Defendants' counsel another e-mail regarding service. *See* Ex. B at 1.  For a third time, Defendants' counsel did not respond. On May 20, 2025, Plaintiff's counsel e-mailed, called, and texted Defendants' counsel about service. *See* Exs. B at 1, C. Yet again, Defendants' counsel did not respond.

Meanwhile, on May 16, 2025, Plaintiff's counsel engaged a new process-server to locate and serve Defendants Bickham and Williams in their personal capacities and to serve the DOC,

ORM, and Office of the Attorney General. On May 21, 2025, Plaintiff's counsel also spoke with the Clerk of this Court and requested that summonses issue as to the ORM and Attorney General. The Clerk directed Plaintiff's counsel to submit summons forms for the Clerk's signature. Undersigned counsel filed the forms, which are awaiting signatures. *See* ECF Nos. 40-41. Once signed, Plaintiff's process-server will effectuate service on those entities.

## ARGUMENT

Defendants do not contest the timeliness of Plaintiff's service on the DOC and Defendant Bickham. Rather, Defendants contend that Plaintiff's attempts at service thus far are insufficient because Plaintiff has not yet served the ORM or the Attorney General. On that basis, Defendants ask the Court to direct Plaintiff "to accomplish proper service" on those entities. ECF No. 37-1 at 5. And as to Defendant Bickham in his individual capacity, Defendants contend that service at his workplace was improper.

To the extent Defendants seek dismissal, the Court should deny that request because Plaintiff has diligently attempted service on all Defendants and, in any event, has reasonably relied on Defense counsel's joining in the parties' representation that service "**has been made on Defendant Department of Corrections ('DOC') and Defendant Bickham**." *See* ECF No. 34 at 2 ¶ 6 (emphases added). And as to Defendant Bickham in his individual capacity, Plaintiff is currently in the process of effecting service, despite Defense counsel' (i) joining in the parties' representation that service was effected and (ii) lack of response to Plaintiff's recent inquiries, including about whether Defendants would be amenable to waiving service. *Cf.* Fed. R. Civ. P. 4(d)(1) ("An individual … that is subject to service under Rule 4(e) … has a duty to avoid unnecessary expenses of serving the summons."). At the very least, the Court should hold Defendants' motions in abeyance while the parties resolve the outstanding service issues.

***Institutional and Official Capacity Service.*** The Court should deny Defendants' motion as to the DOC and official-capacity Defendants because Plaintiff's counsel continues to diligently pursue service on the ORM and the Attorney General. After Defendants moved to dismiss, Mr. Khalil's counsel contacted the Clerk's office for information on how to request summonses for the ORM and Attorney General. The Clerk directed counsel to the appropriate summons forms and filing code in CM/ECF, and Plaintiff filed these forms on May 21, 2025. *See* ECF Nos. 40-41. Plaintiff is currently awaiting the issuance of signed summonses, and he has retained a process-server to effectuate service once the summonses appear on the docket. Because Defendants do not challenge service as untimely—and, indeed, Defendants merely request that the Court direct Plaintiff "to **accomplish** proper service," ECF No. 37-1 at 5 (emphasis added)—the Court should not dismiss this case while Plaintiff is in the process of serving the entities whom Defendants now insist must be served.

What is more, Defendants have no basis to object to service on the DOC and official-capacity Defendants, because they joined in the parties' representation that those Defendants had already accepted service: **"[s]ervice of the summons and Plaintiff's *pro se* complaint *has been made* on Defendant Department of Corrections ('DOC') and Defendant Bickham."** ECF No. 34 at 2 ¶ 6 (emphases added). Defense counsel agreed to this joint representation after extensive communication with Plaintiff's counsel about service-related issues, during which Defendants' counsel had ample opportunity to identify any concerns about service on those Defendants. *See* Ex. A at 1–2.

When the parties prepared the draft, joint scheduling motion—they included Defense counsel's qualification that although service "ha[d] been attempted on Defendant **Williams**," Defendants' counsel "ha[d] since conveyed to Plaintiff's counsel that Defendant **Williams** ha[d]

not yet received service." *See* ECF No. 34 at 2 ¶¶ 7–8 (emphases added). By contrast, Defendants agreed that "[s]ervice of the summons and Plaintiff's *pro se* complaint has been made on [DOC] and Defendant Bickham," and Defendants' counsel agreed to "enter his appearance for all properly served Defendants." *Id.* ¶¶ 3, 6. So to the extent there are any service-related issues with respect to the DOC and Defendant Bickham in his official capacity, Plaintiff has reasonably relied on Defense counsel's representations to the undersigned and the Court that those Defendants do not dispute the sufficiency of service. Plaintiff will continue to pursue service on the ORM and Attorney General, but the Court should not dismiss the case for lack of such service.

      ***Individual Capacity Service.*** As to service on Defendant Bickham in his individual capacity, Defendants' counsel—as discussed—represented that "[s]ervice of the summons and Plaintiff's *pro se* complaint has been made on . . . Defendant Bickham." ECF No. 34 at 2 ¶¶ 7–8. To the extent Defendants now object to that service, their change-of-tune does not warrant dismissal.

      Mr. Khalil's counsel have contacted Defendants' counsel time and again in recent days, in the hopes of minimizing any intrusion on the individual Defendants through an alternative method of service. For example, Plaintiff's counsel has repeatedly asked defense counsel whether the individual Defendants will waive service or whether counsel will accept service on their behalf. *See, e.g.*, Ex. B at 1–2. Defense counsel has not responded meaningfully to Plaintiff's requests—except for a single May 16, 2025, text, noting that he was unavailable for a call because he was in court. *See* Ex. C. Thus, Plaintiff has engaged a process-server to locate and serve the individual Defendants. Because those Defendants do not challenge service as untimely, the Court should deny Defendants' motion to dismiss, while Plaintiff effectuates service in the manner Defendants

contend is necessary—particularly given Defendants' refusal to engage with Plaintiff's counsel on

service-related questions, despite undersigned counsel's repeated attempts at engagement.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motions.

Dated: May 23, 2025

Respectfully submitted,

*/s/ Golnaz Fakhimi*
Golnaz Fakhimi*
Sadaf Hasan*
**Muslim Advocates**
PO Box 34440
Washington, DC 20043
(202) 655-2969
golnaz@muslimadvocates.org
sadaf@muslimadvocates.org

Samantha Bosalavage Pourciau
(La. Bar No. 39808)
**Promise of Justice Initiative**
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
Sbosalavage@defendla.org

*Attorneys for Plaintiff Ashraf Khalil*

*\*Enrolled* pro hac vice